IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer

Civil Action No. 09-cv-02981-PAB-BNB

HARRY A. WENZEL,

    Plaintiff,

v.

KIRK M. TAYLOR, individually and in his official capacity as
Sheriff of Pueblo County, and
THE PUEBLO COUNTY SHERIFF'S DEPARTMENT.

    Defendants.

## ORDER

This matter is before the Court on plaintiff Henry Wenzel's motion to consolidate [Docket No. 26] the present case with a case brought by a different plaintiff against the same defendants, *McCain v. Taylor, et al.*, Case No. 09-cv-02982-LTB-KLM. Because I have been assigned the oldest numbered case, it is appropriate that I rule on the Motion to Consolidate. *See* D.C.COLO.LCivR 42.1 ("A motion to consolidate shall be decided by the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial.").

Federal Rule of Civil Procedure 42(a) provides that consolidation is appropriate in the following circumstances:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Consolidation is committed to the sound discretion of the trial court. *Chimal v. Sledge*, No. 06-cv-02394, 2007 WL 1576346, at *1 (D. Colo. May 31, 2007). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Skaggs v. Level 3 Communications, Inc.,* No. 09-cv-00200, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations omitted).

Having reviewed the complaints of the above-referenced cases, plaintiff's motion to consolidate, defendants' opposition thereto, and plaintiff's reply, I conclude that consolidation of the cases is not appropriate. While the cases have common defendants and raise similar legal questions, I find that the factual bases are not sufficiently similar to warrant consolidation and that such consolidation would not serve the interests of a just, fair, and expeditious resolution of both cases.

Therefore, it is

**ORDERED** that Henry Wenzel's motion to consolidate [Docket No. 26] is DENIED.

DATED July 28, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge